**IN UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSIE MAUMBURUDZE, | ) | CASE NO. 1:26-cv-02523 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **(addressing Docs. 1, 3, 4, and 7)** |
| KEVIN RAYCRAFT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

By her petition under 28 U.S.C. § 2241 (Doc. 1, 9/25/26; Doc. 3, 9/28/26), Petitioner Jessie Maumburudze, a citizen of Zimbabwe who was residing in Stow, Ohio, challenges the revocation by the U.S. Immigration and Customs Enforcement of her previous release and her subsequent return to detention, her anticipated removal to Cameroon or to another unspecified third country, and other issues regarding her legal status in this country.

Petitioner has also filed a motion for a temporary restraining order and a permanent injunction (Doc. 4, 9/29/26) that, she contends in her reply (Doc. 8, 10/12/26), seeks interim relief on counts one and two of her amended petition. Count one of her amended petition seeks relief for the allegedly unlawful revocation of her previous release. Count two seeks relief from the detention that then resulted. (Doc. 3, PageID #39, 41)

Petitioner has also filed a motion to clarify (Doc. 7, 10/6/26) the Court's recent

order (Doc. 5, 9/29/26, PageID #104) that Petitioner shall not be removed from this District. Petitioner's motion to clarify was necessitated by the fact that, when the petition was filed, her counsel was uncertain as to her whereabouts. Petitioner's last location known at the time to her counsel was at the Geauga County Safety Center in Chardon, Ohio. (Doc. 1, PageID #1) In the interim, ICE officials apparently transported Petitioner to a detention facility in Louisiana. Petitioner's counsel has now confirmed that Petitioner remains detained there. (Doc. 7, PageID #142)

The directive in the Court's initial order prohibiting Plaintiff's removal is fundamental to ensuring due process and simple fairness. Without it, adjudication of the amended petition and Petitioner's emergency motion for injunctive relief along with both sides' extensive briefing would potentially be rendered meaningless if Petitioner were to be removed from this country before these proceedings ran their course. In short, preserving the status quo of sorts has both legal and practical significance.

The Court has thoroughly reviewed Petitioner's filings and Respondents' opposition to them. Respondents assure the Court no fewer than a half-dozen times that they have not violated Petitioner's due process rights. (Doc. 6, 10/2/26, PageID #106, 112, 116, 123, 125) With the integrity of their counsel on the line, the Court can presume that Respondents have no intention of changing course in that regard. The Court can further presume that counsel on both sides have undertaken their already significant efforts in this litigation in good faith. At least some common ground, therefore, emerges: to ensure to the extent the law permits that those respective efforts

have not been undertaken in vain.

The Court thus raises with the parties two questions that need to be addressed before a full and fair adjudication of the pending amended petition and the two pending motions can be made.

First, does the fact that ICE is now detaining Petitioner in Louisiana strip the Court of jurisdiction to hear this case? A simple rule of state and federal law instructs us that at times and under certain circumstances, legal significance attaches to a party's location. The Court underscores that this question targets a jurisdictional issue that is separate and apart from the other jurisdictional/statutory arguments (*see*, *e.g.*, Doc. 6, PageID #112, 117-119; Doc. 9, PageID #332, n.1) Respondents have made in their opposition briefs.

Second, in both their main opposition brief (Doc. 6, PageID #121-123) and in their submission of supplemental authority (Doc. 9, PageID #331-32), Respondents argue that Petitioner is best characterized as a class member in the litigation now pending in the Supreme Court and captioned *Department of Homeland Security v. D.V.D.*, Case No. 26-426. The expedited briefing and argument schedule in *D.V.D.* calls for petitioner's brief to be filed by October 23, 2026, respondents' brief to be filed by November 16, 2026, a reply brief to be filed by December 1, 2026, and argument to take place on December 9, 2026. The national importance of this case likely means an opinion from the Supreme Court without undue delay.

Given (a) Respondents' arguments tying the *D.V.D.* case to the adjudication of Petitioner's amended petition and motions before the Court; (b) the expedited schedule

that *D.V.D.* is on; (c) the absence of a showing of any facts requiring Petitioner's immediate deportation to Cameroon or elsewhere; and (d) the goal of ensuring that the parties' efforts litigating their respective positions are not rendered meaningless by Petitioner's removal to Cameroon or another yet-to-be-specified third country before the Court can render judgment in this case, should proceedings in this case be stayed until the Supreme Court renders its opinion in *D.V.D.*?

Because the legal issues posed by these two questions would seem to have considerable significance to the full and fair adjudication of Petitioner's amended petition and pending motions, and because neither party has directly addressed these two questions in their filings thus far, the Court orders both sides to brief these two questions in separate and independent submissions that are to be filed on Monday, November 2, 2026 by 5 p.m.

IT IS SO ORDERED.

Dated: October 27, 2026

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE